IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:13-cv-00594 |
| | § | |
| VERMA HOLDINGS, LLC, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff the Federal Trade Commission's ("FTC")

Motion to Strike Defendants Verma Holdings, LLC and Rishab Verma's (collectively,

"Defendants") sixteen affirmative defenses [Doc. # 31]. Defendants filed a Response

[Doc. # 37], and the FTC filed a Reply [Doc. # 38]. The Court has carefully reviewed

the parties' arguments and the applicable law, and concludes that the FTC's Motion

should be **granted in part** and **denied in part**.

## I.    BACKGROUND

On March 6, 2013, the FTC filed a claim against Defendants under Section

13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C.A. § 53(b),

seeking injunctive and equitable relief. Plaintiff FTC's Complaint for Permanent

Injunction and Other Equitable Relief [Doc. # 1] ("Complaint"), at 1. The FTC seeks

an injunction barring Defendants from sending spam text messaging to consumers with promises of free gift cards from retailers.  Complaint, at 1, 3-5.  The FTC alleges that this spam text messaging campaign is deceptive and that consumers cannot receive the promised gift cards without paying money or fulfilling other previously undisclosed requirements.  *Id.* at 3-5.

Defendants filed an Answer raising 16 affirmative defenses.  Defendants' Answer to Complaint [Doc. # 27] ("Answer"), at 5-7.  The FTC filed a Response and a Rule 12(f) Motion to Strike all of Defendants' affirmative defenses as legally insufficient, immaterial, and/or redundant.  Memorandum in Support of Plaintiff FTC's Motion to Strike Defendants' Affirmative Defenses [Doc. # 31-1] ("Mem."), at 1.

## II.  <u>LEGAL STANDARD</u>

### A.  <u>Rule 12(f)</u>

Rule 12(f) of the Federal Rules of Civil Procedure permits the district court to strike "an insufficient defense or any redundant, immaterial, impertinent or scandalous matter."  FED. R. CIV. P. 12(f).  The Court has broad discretion to determine whether the challenged matter should be stricken.  *See In re Beef Indus. Antitrust Litig.*, 600 F.2d 1148, 1168 (5th Cir. 1979); *Berry v. Lee*, 428 F. Supp. 2d 546, 563 (N.D. Tex.

2006) (Fitzwater, J.).  "Striking an affirmative defense is warranted if it cannot, as a matter of law, succeed under any circumstance."  *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013); *see also Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) ("Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law.").

As an alternative to striking the affirmative defenses, the Court may freely grant leave to amend the pleadings "when justice so requires."  FED. R. CIV. P. 15(a)(2). The Fifth Circuit has concluded that Rule 15(a) "evinces a bias in favor of granting leave to amend."  *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003). Leave to amend, however, is by no means automatic, and the decision to grant or deny it "is entrusted to the sound discretion of the district court."  *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (internal quotation marks and citation omitted).

### B.    "Fair Notice" Standard

To sufficiently assert an affirmative defense, a party must "[i]n responding to a pleading affirmatively state any avoidance or affirmative defense." FED. R. CIV. P. 8(c)(1).  Rule 8(c) requires a defendant to "plead an affirmative defense with

enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced."[1]  *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008) (quoting *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999)); *see also Floridia v. DLT 3 Girls, Inc.*, No. 4:11-cv-3624, 2012 WL 1565533, at *2 (S.D. Tex. May 2, 2012) (Ellison, J.); *United States v. Crown Roofing Servs., Inc.*, No. H-07-1018, 2011 WL 4914971, at *1 (S.D. Tex. Oct. 14, 2011) (Werlein, J.); *Kingvision Pay-Per-View, Ltd. v. Betancourt*, No. H-11-0236, 2011 WL 1900166, at *6 (S.D. Tex. May 19, 2011) (Lake, J.); *Tran v. Thai*, No. H-08-3650, 2010 WL 723633, at *1 (S.D. Tex. Mar. 1, 2010) (Rosenthal, J.).  "The issue is whether the pleading is sufficient to 'identify the affirmative defense in question' and provide notice of its basis."  *Tran*, 2010 WL 723633, at *1 (quoting *Woodfield*, 193 F.3d. at 362).

"[F]air notice" is satisfied if the defense is "sufficiently articulated . . . so that the plaintiff [is] not a victim of unfair surprise."  *Woodfield*, 193 F.3d at 362; *see also Rogers*, 521 F.3d at 385 ("The concern is that a defendant should not be permitted to

---

[1]  The Fifth Circuit has not yet address whether the pleading requirements set forth by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 677-80 (2009), apply to affirmative defenses.  This Court declines to apply the heightened *Twombly* and *Iqbal* pleading standards to affirmative defenses. *See, e.g.*, *Jones v. JGC Dallas LLC*, No. 3:11-CV-2743-O, 2012 WL 4119570, at *4 (Aug. 17, 2012); *Floridia v. DLT 3 Girls, Inc.*, No. 4:11-cv-3624, 2012 WL 1565533, at *2 (S.D. Tex. May 2, 2012) (Ellison, J.).

'lie behind a log' and ambush a plaintiff with an unexpected defense." (quoting *Ingraham v. United States*, 808 F.2d 1075, 1079 (5th Cir. 1987))).  In some cases, "merely pleading the name of the affirmative defense . . . may be sufficient." *Woodfield*, 193 F.3d at 362.

## III.   DISCUSSION

The FTC has moved to strike Defendants' sixteen affirmative defenses in their entirety because they are not properly pleaded, are redundant or immaterial, and/or are insufficient as a matter of law.[2]  Motion, at 3.  For the reasons enumerated below, the Court denies the FTC's Motion as to affirmative defenses 1, 3, 4 (in part), 8, 11, 12, and 16; grants the motion without leave to amend as to affirmative defenses 2, 9, and 15; and grants the motion with leave to amend as to affirmative defenses 4 (in part), 5, 6, 7, 10, 13, and 14.

### A.   Affirmative Defense 1: Failure to State a Claim

Defendants' first affirmative defense states "[t]he Complaint, or part thereof,

---

[2]      In their Response, Defendants concede that Affirmative Defenses 2, 3, 4, 10, 11, and 12 are not applicable to the case, conditioned on an understanding that the FTC is seeking only equitable, not monetary, relief.  Response, at 6 n.2.  However, the FTC asserts that it is pursuing "all available equitable remedies, including monetary relief as restitution and disgorgement of ill-gotten gains."  Reply, at 4-5.  Because the Defendants' concession was conditioned on an apparently erroneous understanding of the FTC's position, the Court disregards this exchange and evaluates the sufficiency of the affirmative defense pleadings on their merits.

fails to state any claim upon which relief can be granted." Answer, at 5. The FTC argues that its Complaint sets forth sufficient facts to support its claims against Defendants. Mem., at 7. Defendants contend that Rule 12(h)(2)(A) of the Federal Rules of Civil Procedure permits them to raise this defense in any pleading allowed or ordered under Rule 7(a) and notes that courts have routinely refused to strike this affirmative defense. Response, at 10-11. The Court agrees with Defendants.

Defendants have a right to preserve this defense from waiver. *See generally F.D.I.C. v. Cheng*, 832 F. Supp. 181, 188 (N.D. Tex. 1993) (Saunders, J.) (as to the form and phrasing of the defense). Form 30 of the Federal Rules of Civil Procedure contains language nearly identical to Defendants' stated affirmative defense. FED. R. CIV. P. Form 30. Moreover, Rule 84 provides that "[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity these rules contemplate." FED. R. CIV. P. 84. Accordingly, Defendants' pleading is sufficient to provide fair notice. *See Schlosser v. Metro. Prop. & Cas. Ins. Co.*, No. 12-1301, 2012 WL 3879529, at *3 (E.D. La. Sept. 6, 2012) (Vance, J.) (holding that the "failure to state a claim" affirmative defense "mimics Form 30 of the Federal Rules of Civil Procedure and is therefore sufficient as a matter of law"); *E.E.O.C. v. LHC Group, Inc.*, No. 1:11CV355-LG-JMR, 2012 WL 3242168, at *2 (S.D. Miss. Aug. 7, 2012)

(noting, in reference to Form 30, that "[t]he brief and simple nature of this language indicates that no more detail is required of a defendant in an answer." (quoting *Falley v. Friends University*, 787 F. Supp. 2d 1255, 1258 (D. Kan. 2011))); *Lane v. Page*, 272 F.R.D. 581, 597 (D.N.M. 2011) (holding that the affirmative defense, if substantively similar to that stated in Form 30, is adequately pled, and that a detailed explanation of the defense can be later presented in a Rule 12(b)(6) motion). Therefore, the Court declines to strike Defendants' first affirmative defense.

### B.    Affirmative Defense 2: Lack of Subject Matter Jurisdiction

Defendants' second affirmative defense is that "[t]he Complaint, or part thereof, fails because this Court lacks subject matter jurisdiction over the claims asserted therein."  Answer, at 5.  Defendants have not opposed the FTC's motion to strike this affirmative defense.   Further, as the FTC argues, the Court has subject matter jurisdiction over its claims because the action arises under the FTC Act and therefore presents a federal question that confers jurisdiction under 28 U.S.C. § 1331.  Mem., at 19.  This defense, therefore, fails as a matter of law.  Accordingly, the Court strikes Defendants' second affirmative defense.

### C.    Affirmative Defense 3: Lack of Personal Jurisdiction

Defendants' third affirmative defense states "[t]he Complaint, or part thereof,

fails because this Court lacks personal jurisdiction over some or all of Defendants."

Answer at 5.  The FTC argues that Section 13(b) of the FTC Act provides for the FTC

to file suit "where an individual or corporate defendant 'transacts business.'"  Mem.,

at 18-19.  The FTC further argues it has presented "uncontroverted evidence" proving

that Defendants transacted business within the Southern District of Texas.  Mem.,

at 19.  In their Answer, Defendants deny transacting business in the Southern District

of Texas and deny that Defendant Rishab Verma resides in Houston.  Answer, at 2.

While the FTC presents some evidence to establish that personal jurisdiction

is proper, based on the record currently before the Court, the Court declines to

conclude that Defendants' argument is legally insufficient at this time.  While the

affirmative defense as pleaded lacks any factual specificity, it is not so broad or

obscure as to put the FTC in danger of being unfairly surprised.[3]  The Court declines

to strike this defense.

### D.  <u>Affirmative Defense 4: Statute of Limitations</u>

In their fourth affirmative defense, Defendants state "[t]he claims asserted in

the Complaint are barred by the applicable statute of limitations and/or statute of

repose, and/or the doctrine of laches."  Answer, at 6.  The FTC argues that there are

---

[3]    Moreover, Defendants have the option to preserve this defense to assert in their Answer.  *See* FED. R. CIV. P. 8, 12; *Cheng*, 832 F. Supp. at 188.

no statutes of limitations or repose applicable to its claims.  Mem., at 15-17.  It also contends that the doctrine of laches is not recognized as a defense against the Government when it acts to safeguard public welfare.  Mem., at 14-15.

"Laches may not be asserted as a defense against the United States when it is acting in its sovereign capacity to enforce a public right or protect the public interest." *United States v. Popovich*, 820 F.2d 134, 136 (5th Cir. 1987); *see also Matter of Fein*, 22 F.3d 631, 634 (5th Cir. 1994) (quoting *Popovich*, 820 F.2d at 136); *United States v. Washington*, No. H-09-3996, 2011 WL 2470731, at *8 (S.D. Tex. June 20, 2011) (Miller, J.) (quoting *Popovich*, 820 F.2d at 136).  A government agency seeking "to give effect to the declared public policy" of its originating act is acting in a "public capacity," and therefore is not subject to the defense of laches.  *See Nabors v. NLRB*, 323 F.2d 686, 688 (5th Cir. 1963); *see also SEC v. Calvo*, 378 F.3d 1211, 1218 (11th Cir. 2004) (concluding that a limitations defense did not apply to the Securities Exchange Commission (SEC) when it is sued to enforce securities laws, thus "vindicating public rights and furthering public interests"); *SEC v. Rind*, 991 F.2d 1486, 1491 (9th Cir. 1993) (noting that district courts have refused to apply limitations defenses to the SEC because "the entire purpose and thrust of a [Commission] enforcement action is to expeditiously safeguard the public interest by enjoining

securities violations" (internal quotations and citation omitted)).

The FTC's originating act grants the FTC the power to prohibit "unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful." *See* 15 U.S.C. § 45(a)(1). Here, the FTC is seeking injunctive and other equitable relief in an effort to enforce 15 U.S.C. § 45(a) and (n). *See* Complaint, at 6-7. Although the FTC's efforts may result in beneficial outcomes for any among the "millions of consumers" the FTC alleges have been victimized by Defendants' business practices, the FTC is still acting in a public capacity. *See Nabors*, 323 F.2d at 688-89 (holding that National Labor Relations Board efforts to recover back pay for individual parties did not diminish the public purpose of its enforcement efforts, even though the efforts "confer[red] an incidental benefit on private persons"). Further, the fact that the FTC is seeking disgorgement in addition to prophylactic injunctive relief does not render its claims vulnerable to a laches defense. *See Rind*, 991 F.2d at 1491 (holding that limitations defenses do not apply to the national government, even when it seeks injunctive relief and disgorgement, because though "the disgorged proceeds [may be used to] compensate injured victims, this does not detract from the public nature of the Commission enforcement actions"). Because the FTC in this case is operating in

a sovereign capacity for the protection and furtherance of public rights and interests, the doctrine of laches does not apply.  The Court accordingly strikes Defendants' laches defense.

The Court, however, grants Defendants leave to amend the statute of limitations and repose defenses.  While section 13(b) of the FTC Act (15 U.S.C. § 53(b)), the basis for the FTC's claims against Defendants, does not contain a statute of limitations, section 19 of the FTC Act does provide a three-year limitations period. 15 U.S.C. § 57b(d).  There is no Fifth Circuit law addressing whether section 19 applies to section 13(b).  The FTC cites case law on the issue from outside the Fifth Circuit.  *See* Mem., at 15 (citing *Fed. Trade Comm'n v. Minuteman Press*, 53 F. Supp. 2d 248, 263 (E.D.N.Y. 1998) (concluding that section 13(b) contains no statute of limitations and that the section 19 statute of limitations does not apply to section 13(b))), but this is not binding authority.  Accordingly, the Court declines to strike Defendants' affirmative defenses of limitations and repose.  However, the Court will require Defendants to plead these affirmative defenses with greater specificity to give the FTC fair notice as to the particular limitations or repose defenses asserted.  The Court grants Defendants leave to amend their fourth affirmative defense to the extent it relates to a statute of limitations or a statue of repose.

### E.    Affirmative Defenses 5, 6, 7, and 13: No Breach of Duty, Conformity with Commercial Standards, No Reliance, and Assumption of Risk

Defendants' fifth affirmative defense states "Defendants did not breach any lawful duty owed to consumers for the transactions and events which are the subject matter of the Complaint." Answer, at 6.  In their sixth affirmative defense, Defendants contend that  "Defendants acted in conformity with commercial standards and with reasonableness in discharging their duties, if owed."  Answer, at 6.  Defendant's seventh affirmative defense asserts that "[t]he consumers alleged in the Complaint did not reasonably rely on representations or affirmations, if any, made by Defendants." Answer, at 6.   Finally, Defendants thirteenth affirmative defense states "[t]he consumers alleged in the Complaint, whose rights the FTC seeks to enforce, have no cause of action for breach of duty because they assumed the risk for all damages alleged."  Answer, at 7.

The FTC contends that each of these affirmative defenses is asserted without a factual basis and is thus insufficiently pleaded.  Mem., at 20.  The FTC further argues that its claims have been brought in the public interest and are not based on individuals' contracts with Defendants, and therefore, defenses founded on contract doctrines are "legally unsustainable." Mem., at 21. Finally, the FTC argues that these pleadings are "negative"—not affirmative—defenses and should thus be stricken as

P:\ORDERS\11-2013\594 MD.wpd

redundant given Defendants' denials elsewhere in the Defendants' Answer.  Mem., at

24-25.  Defendants counter that the pleading provides fair notice to the FTC of

affirmative defenses they may invoke.  Response, at 15.

The FTC makes persuasive arguments.  However, in an exercise of caution, the

Court will grant Defendants leave to amend to clarify these defenses.  Without any

allegations of facts, the Answer fails to provide fair notice to the FTC about the bases

for these affirmative defenses.  Accordingly, the Court grants leave to Defendants to

replead with relevant supporting facts, with the reminder that Federal Rule of Civil

Procedure 11 requires pleadings to be founded on a good faith factual and legal basis.

*See* FED. R. CIV. P. 11(b).  The Court expects a short statement of each defense; it is

not necessary for Defendants to plead with great specificity.

## F.   <u>Affirmative Defense 8: Good Faith</u>

The eighth affirmative defense states "[a]t all relevant times, these answering

Defendants acted in good faith and in a lawful manner toward consumers and in

conformity with all applicable laws and regulations."  Answer, at 6.  The FTC argues

that Defendants fail to provide sufficient factual particularity to support this defense

and that good faith is not a defense to liability under the FTC Act.  Mem., at 17-18.

Defendants contend that they may be able to avoid liability if they can show they

relied in good faith on third parties to provide the advertised information and on third party representations.  Response, at 6-10.

The Court declines to strike Defendants' eighth affirmative defense.  The Fifth Circuit has not determined that good faith is a legally insufficient defense to liability under the FTC Act.[4]  The Court declines to reach the issue at this time on the limited briefing before it.  The Answer provides fair notice to the FTC as to the basis of this good faith affirmative defense.   The FTC's Motion therefore is denied as to Defendants' eighth affirmative defense.

## G.   Affirmative Defense 9: Lack of Misconduct or Deceit

Defendants' ninth affirmative defense states "[t]he claims asserted in the Complaint did not result from any misconduct or deceitfulness on the part of these answering Defendants."  Answer, at 6.  The FTC argues that this pleading also is a "negative"—not affirmative—defense and should therefore be stricken as redundant given Defendants' denials elsewhere in the Defendants' Answer.  Mem., at 24-25. Defendants contend that the pleading provides the FTC with fair notice.  Response,

---

[4]     The FTC relies on a more than 50-year-old Ninth Circuit decision and case law from district courts outside of the Fifth Circuit.  Mem., at 18 n.27 (citing, *e.g.*, *Feil v. FTC*, 285 F.2d 879, 896 (9th Cir. 1960) (determining that whether an advertiser acted in good faith is immaterial "if the Commission finds there is a likelihood to deceive"); *FTC v. Hope Now Modifications, LLC*, No. 09-1204 (JBS/JS), 2009 WL 3682057, at *1 (D.N.J. Nov. 4, 2009) ("Good faith is not a defense to liability under Section 5(a) of the FTC Act.")).

at 13-15.

"A negative defense is 'one which tends to disprove one or all of the elements of a complaint." *FTC v. Think All Pub., LLC*, 564 F. Supp. 2d 633, 665 (E.D. Tex. 2008) (citing *Emmons v. S. Pac. Transp. Co.*, 701 F. 2d 1112, 1118 (5th Cir. 1983)). "In other words, a negative defense is the equivalent of a defendant saying 'I did not do it.'" *Id.* When such defenses are "merely restatements of denials of certain allegations" already made in a defendant's answer, a court may strike those defenses under Rule 12(f). *See id.* at 666.

Defendants have denied all allegations of wrongdoing levied against them in the FTC's Complaint. This affirmative defense merely asserts, in essence, Defendants' innocence and is thus extraneous given the denials Defendants make in their Answer. While not prejudicial to the FTC, Defendants' ninth affirmative defense is redundant and will be stricken.

## H.    Affirmative Defense 10: Consumers' Conduct Creating Estoppel

In their tenth affirmative defense, Defendants contend that "[e]ach and every one of the consumers' alleged rights, claims, and obligations which the FTC seeks to enforce against Defendants are barred by the consumers' conduct, agreement, or otherwise barred by the doctrine of estoppel." Answer, at 6. The FTC contends that

the doctrine of estoppel is not recognized as a defense against the Government when it is acting to safeguard public welfare. Mem., at 11-14.

The Government may be estopped, but not "on the same terms as any other litigant." *Heckler v. Cmty. Health Servs. of Crawford Cnty., Inc.*, 467 U.S. 51, 60 (1984) (declining to establish a broad rule that estoppel may not be applied against the Government in any circumstances). While estoppel is "rarely valid against the government," a defendant can establish the defense if it proves "affirmative misconduct by the government and also establish[es] the four traditional elements of the doctrine." *United States v. Bloom*, 112 F.3d 200, 205 (5th Cir. 1997). In their Answer, Defendants do not allege that the FTC engaged in any misconduct or allege facts supporting the four traditional elements of estoppel. Because the path to a successful estoppel defense against the Government is so narrow, to provide the FTC with fair notice as to the particular basis of this affirmative defense, Defendants will need to plead with greater factual specificity. Accordingly, the Court grants Defendants leave to replead this defense with sufficient facts if Defendants can do so in compliance with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

I.     **Affirmative Defenses 11 and 12: Consumers' Failure to Mitigate and Set-Off, Contribution or Indemnity**

In their eleventh affirmative defense, Defendants contend that "[t]he claims asserted in the Complaint are barred, in whole or in part, because, at all times, the consumers alleged in the Complaint failed to take reasonable efforts to mitigate their damages, if any." Answer, at 7.  Defendants' twelfth affirmative defense asserts that "Defendants are entitled to set-off, contribution, and/or indemnity should any damages be awarded against them, in the amount of damages of settlement amounts or damages received by consumers with respect to the same alleged injuries giving rise to private causes of action." Answer, at 7.  The FTC argues that Defendants' defenses relating to mitigation of damages, set-off, contribution, and indemnity are not available in a case where equitable relief, not damages, is at stake.  Mem., at 22 (citing *FTC v. Medicor LLC*, No. CV011896CBMEX, 2001 WL 765628, at *2 (C.D. Cal. Jun. 26, 2001) (holding that mitigation of damages affirmative defense was not relevant because the parties stipulated that the only damages sought were unrelated to the amount of loss suffered by the plaintiff)).

The FTC acknowledges, however, that these affirmative defenses "may relate to monetary relief necessary to redress consumer injury."  Mem., at 22.  The FTC asserts that it is pursuing "all available equitable remedies, including monetary relief

as restitution and disgorgement of ill-gotten gains."  Reply, at 4-5.  The issues surrounding these defenses are inadequately briefed to enable an informed determination about the legal viability of the issues Defendants raise.  Because it is possible, albeit remote, that these defenses could become relevant to claims for relief the FTC may pursue, the Court declines to strike these defenses at this time.  These affirmative defenses, as written, provide the FTC with sufficient notice.  The FTC's Motion to Strike is denied as to the eleventh and twelfth affirmative defenses.

## J.   **Affirmative Defense 14: First Amendment Violation**

Defendants state in their fourteenth affirmative defense that "Plaintiff's claims, in whole or part, must be dismissed on constitutional grounds because they infringe on First Amendment rights."  Answer, at 7.  The FTC contends that this affirmative defense should be stricken as insufficient because "the government may prevent the dissemination of false or misleading commercial speech," and Defendants' "deceptive marketing practices are not protected by the First Amendment."  Mem., at 8-9. Defendants argue that the FTC is inappropriately assuming they have actually taken part such deceptive practices.  Response, at 12.

The FTC assumes that Defendants are engaged in the illegal activities the FTC alleges.  No trier of fact has found that Defendants' marketing practices are false or

deceptive.  "[T]here may be some set of facts that support the defendant's claim that their actions are protected by the First Amendment."  *FTC v. Bronson Partners, LLC*, No. 3:04CV1866(SRU), 2006 WL 197357, at *2 (D. Conn. Jan. 25, 2006) (citation omitted).  However, Defendants have not pleaded any factual allegations to support this affirmative defense and therefore do not provide sufficient notice of how the relief sought by the FTC infringes their First Amendment rights.  The Court grants Defendants leave to amend their fourteenth affirmative defense to supply the FTC with proper notice.  The amended pleading must comply with Rule 11 of the Federal Rules of Civil Procedure.

## K.    Affirmative Defense 15: Cessation of Impressible Conduct

Defendants' fifteenth affirmative defense states "Plaintiff's claims for injunctive relief are barred by Defendants' cessation of any impermissible conduct." Answer, at 7.  The FTC asserts that this affirmative defense must be stricken because voluntary cessation of allegedly illegal conduct is insufficient to moot a claim for injunctive relief.[5]   Mem., at 10.  The Court agrees.

The Fifth Circuit has repeatedly held that the voluntary cessation of illegal activity does not moot a claim for injunctive relief.  *See, e.g.*, *Meza v. Livingston*, 607

---

[5]    Defendants have not opposed the FTC's motion to strike this affirmative defense.

F.3d 392, 399-400 (5th Cir. 2010) ("'[A] defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice,' even in cases in which injunctive relief is sought." (quoting *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982))); *United States v. Realty Multi-List, Inc.*, 629 F.2d 1351, 1387-88 (5th Cir. 1980) ("It is well-settled that, in a suit for injunctive relief, the voluntary cessation of allegedly illegal practices in an attempt to avoid suit does not moot the controversy they present."). Accordingly, the Court strikes this affirmative defense as not legally cognizable.

## L.   <u>Affirmative Defense 16: Other Unspecified Defenses</u>

In their sixteenth affirmative defense, Defendants state,

Defendants hereby give notice that they intend to rely upon any other defense that may become available or appear during the course of discovery proceedings in this case. Defendants also hereby reserve the right to assert other and related defenses, as may become available in the event of a determination that this action, or some part thereof, is governed by the substantive law of a state of jurisdiction other than the State of Texas.

Answer, at 7. The FTC asserts that this affirmative defense is not permitted by Federal Rule of Civil Procedure 8(c), violates Rule 8's fair notice requirement, and circumvents Federal Rule of Civil Procedure 15. Mem., at 22-23. Defendants respond that they retain the right to amend their Answer under Rule 15(a) and that

"district courts have found that the reservation of this right via an affirmative defense is appropriate."  Response, at 16.

Rule 15(a) provides that "[a] party may amend its pleading once as a matter of course" and "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(1), (a)(2). Defendants' acknowledgment of Rule 15 suggests their affirmative defense is not an attempt to circumvent it.  Further, the FTC fails to explain why the affirmative defense provides insufficient notice.  Accordingly, the Court finds no need to strike this pleading.  *See Solis v. Bruister*, No. 4:10cv77, 2012 WL 776028, at *7 (S.D. Miss. Mar. 8, 2012) (Jordan, J.) (declining to strike a reservation of rights "defense" because defendants conceded being "bound by the requirements and conditions in the Federal Rules of Civil Procedure pertaining to possible future amendments of their Answer.").

## IV.   **CONCLUSION AND ORDER**

For the foregoing reasons, it is hereby

**ORDERED** that the FTC's Motion to Strike Defendants' affirmative defenses is **GRANTED without leave to amend** as to affirmative defenses 2, 9, and 15.  It is further

**ORDERED** that the FTC's Motion to Strike Defendants' affirmative defenses

is **GRANTED with leave to amend** as to affirmative defenses 4 (in part), 5, 6, 7, 10, 13, and 14.  It is further

      **ORDERED** that the FTC's Motion is **DENIED** as to affirmative defenses 1, 3, 4 (part), 8, 11, 12, and 16.  Finally, it is

      **ORDERED** that Defendants must file their amended Answer on or before **September 11, 2013**.  Defendants may not plead affirmative defenses for which they have no good faith factual and legal basis.  *See* FED. R. CIV. P. 11(b).

      SIGNED at Houston, Texas on this 22nd day of **August, 2013.**

Nancy F. Atlas
United States District Judge