IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:13-cv-00594 |
| | § | |
| VERMA HOLDINGS, LLC, *et al.*, | § | |
|     Defendants. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on Plaintiff Federal Trade Commission's ("FTC" or "Plaintiff") Supplemental Motion to Strike Defendants' Amended Affirmative Defenses and Supporting Memorandum [Doc. # 42] ("Motion to Strike"). Defendants Verma Holdings, LLC and Rishab Verma (collectively, "Defendants") have filed a Response to the Motion to Strike [Doc. # 43]. Having reviewed the parties' arguments and the applicable law, the Court **denies** Plaintiff's Motion to Strike.

## **I.    BACKGROUND**

On March 6, 2013, the FTC filed a claim against Defendants under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), seeking injunctive and equitable relief. Plaintiff FTC's Complaint for Permanent Injunction and Other Equitable Relief [Doc. # 1] ("Complaint"), at 1. The FTC seeks an injunction barring Defendants from sending spam text messaging to consumers with

promises of "free" gift cards from retailers. *Id.* at 1, 3-5. The FTC alleges that this spam text messaging campaign is deceptive and that consumers cannot receive the promised gift cards without paying money or fulfilling other previously undisclosed requirements. *Id.* at 3-5.

Defendants initially filed an Answer raising sixteen affirmative defenses. Defendants' Answer to Complaint [Doc. # 27] ("Answer"), at 5-7. The FTC, in response, filed a motion to strike those affirmative defenses. Motion to Strike Defendants' Affirmative Defenses [Doc. # 31] ("First Motion to Strike"). On August 22, 2013, the Court issued a Memorandum and Order granting Plaintiff's First Motion to Strike in part and denying the motion in part. Memorandum and Order [Doc. # 39]. Specifically, the Court denied the motion as to Defendants' first, third, fourth (in part), eighth, eleventh, twelfth, and sixteenth affirmative defenses; granted the motion without leave to amend as to their second, ninth, and fifteenth affirmative defenses; and granted the motion with leave to amend as to their fourth (in part), fifth, sixth, seventh, tenth, thirteenth, and fourteenth affirmative defenses. *Id.* at 5.

On September 12, 2013, Defendants filed a Corrected Amended Answer to Complaint [Doc. # 41] ("Amended Answer"). In this Amended Answer, Defendants waived (*i.e.*, abandoned) their fourth, seventh, tenth, thirteenth, and fourteenth affirmative defenses. Amended Answer, at 6-9. Defendants amended their fifth and

sixth affirmative defenses. *Id.* at 6-8. Finally, Defendants made slight changes to their sixteenth affirmative defense. *Id.* at 9.

## II. LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure permits the district court to strike "an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." FED. R. CIV. P. 12(f). The Court has broad discretion to determine whether the challenged matter should be stricken. *See In re Beef Indus. Antitrust Litig.*, 600 F.2d 1148, 1168 (5th Cir. 1979); *Berry v. Lee*, 428 F. Supp. 2d 546, 563 (N.D. Tex. 2006) (Fitzwater, J.). "Striking an affirmative defense is warranted if it cannot, as a matter of law, succeed under any circumstance." *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013); *see also Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) ("Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law.").

To sufficiently assert an affirmative defense, a party must "[i]n responding to a pleading affirmatively state any avoidance or affirmative defense." FED. R. CIV. P. 8(c)(1). Rule 8(c) requires a defendant to "plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the

defense that is being advanced."[1]  *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008) (quoting *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999)); *see also Floridia v. DLT 3 Girls, Inc.*, No. 4:11-cv-3624, 2012 WL 1565533, at *2 (S.D. Tex. May 2, 2012) (Ellison, J.); *United States v. Crown Roofing Servs., Inc.*, No. H-07-1018, 2011 WL 4914971, at *1 (S.D. Tex. Oct. 14, 2011) (Werlein, J.); *Kingvision Pay-Per-View, Ltd. v. Betancourt*, No. H-11-0236, 2011 WL 1900166, at *6 (S.D. Tex. May 19, 2011) (Lake, J.); *Tran v. Thai*, No. H-08-3650, 2010 WL 723633, at *1 (S.D. Tex. Mar. 1, 2010) (Rosenthal, J.).  "The issue is whether the pleading is sufficient to 'identify the affirmative defense in question' and provide notice of its basis."  *Tran*, 2010 WL 723633, at *1 (quoting *Woodfield*, 193 F.3d. at 362).

"[F]air notice" is satisfied if the defense is "sufficiently articulated . . . so that the plaintiff [is] not a victim of unfair surprise."  *Woodfield*, 193 F.3d at 362; *see also Rogers*, 521 F.3d at 385 ("The concern is that a defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense." (quoting *Ingraham v. United States*, 808 F.2d 1075, 1079 (5th Cir. 1987))).  In some cases,

---

[1] The Fifth Circuit has not yet addressed whether the pleading requirements set forth by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 677-80 (2009), apply to affirmative defenses. This Court declines to apply the heightened *Twombly* and *Iqbal* pleading standards to affirmative defenses.  *See, e.g.*, *Jones v. JGC Dallas LLC*, No. 3:11-CV-2743-O, 2012 WL 4119570, at *4 (N.D. Tex. Aug. 17, 2012); *Floridia v. DLT 3 Girls, Inc.*, No. 4:11-cv-3624, 2012 WL 1565533, at *2 (S.D. Tex. May 2, 2012) (Ellison, J.).

"merely pleading the name of the affirmative defense . . . may be sufficient." *Woodfield*, 193 F.3d at 362.

## III. ANALYSIS

In its Motion to Strike, the FTC asks this Court to "strike Defendants' Third, Fourth, Fifth, Sixth, Seventh, Tenth, Thirteenth, Fourteenth, and amended Sixteenth Affirmative Defenses without granting Defendants further leave to amend." Motion to Strike, at 4. For the reasons detailed below, the Court **denies** the Motion to Strike with respect to each of the FTC's requests.

### A. Abandoned Affirmative Defenses

In its previous Memorandum and Order, the Court granted Plaintiff's First Motion to Strike with respect to Defendants' fourth (in part), fifth, sixth, seventh, tenth, thirteenth, and fourteenth affirmative defenses, but granted Defendants leave to amend with respect to those defenses. Memorandum and Order, at 5. Rather than replead certain defenses, Defendants have chosen to abandon their third, fourth, seventh, tenth, thirteenth, and fourteenth affirmative defenses. Amended Answer, at 6-9. Inexplicably, the FTC asks the Court to strike the affirmative defenses that Defendants now explicitly have chosen not to assert. Motion to Strike, at 2-3. The Court cannot strike an affirmative defense that has not been pleaded. Accordingly,

Plaintiff's request to strike Defendants' third, fourth, seventh, tenth, thirteenth, and fourteenth affirmative defenses is denied.[2]

### B. Sixteenth Affirmative Defense

Plaintiff also asks this Court to strike Defendant's sixteenth affirmative defense. *Id.* at 4. The Court previously denied Plaintiff's request to strike this affirmative defense. Memorandum and Order, at 20-21. Plaintiff appears to contend, however, that the affirmative defense should now be stricken because Defendants have amended it "without seeking leave of Court." Motion to Strike, at 4.

In their Amended Answer, Defendants make two changes to their sixteenth affirmative defense. First, Defendants now state that they "give notice that they intend to rely upon any other defense that may become *applicable as the facts of this case develop* during the course of discovery proceedings," instead of "that may become *available or appear* during the course of discovery proceedings." *See* Comparison of Answer and Amended Answer [Exh. 1 to Doc. # 41], at 10 (emphasis added). Second, Defendants have added a proviso that their notice extends to "any defense waived in

---

[2] Plaintiff appears to assert that because Defendants now "waive" these defenses, they should be barred from asserting them in the future. Motion to Strike, at 2-3 ("Since Defendants expressly waived their Fourth (in part), Seventh, Tenth, Thirteenth, and Fourteenth Affirmative Defenses, these defenses are no longer available to Defendants."). Defendants have not yet sought to reassert any of these defenses. Therefore, the Court does not take a position on whether Defendants may reassert these defenses once "waived."

this Amended Answer." *Id.*

The Court denies Plaintiff's request. The Court did not previously address whether Defendants could amend this affirmative defense because it denied Plaintiff's First Motion to Strike as to this defense. In any event, Defendants' changes to their sixteenth affirmative defense are merely stylistic, not substantive. Defendants have merely clarified that, pursuant to Rule 15, they retain the right to assert other affirmative defenses, including those defenses Defendants have chosen to abandon in their Amended Answer. *See* Defendant's Response, at 2; Memorandum and Order, at 21. Defendants have not actually asserted any new defense through their amended sixteenth affirmative defense. Furthermore, as before, Plaintiff fails to explain why this affirmative defense, even as amended, fails to provide sufficient notice. *See* Memorandum and Order, at 21. Accordingly, the Court denies Plaintiff's request to strike this defense.

### C.     Fifth and Sixth Affirmative Defenses

At the end of its motion, Plaintiff asks the Court to strike Defendants' fifth and sixth affirmative defenses. *See* Motion to Strike, at 4. Plaintiff does not address these affirmative defenses elsewhere in the motion. In accordance with the Court's Memorandum and Order, Defendants have amended these affirmative defenses to provide greater detail in support of the defenses. *See* Amended Answer, at 6-8.

Plaintiff has provided no reason why these affirmative defenses should be stricken, and therefore the request to strike fifth and sixth affirmative defenses is denied.

## IV.   CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Supplemental Motion to Strike Defendants' Amended Affirmative Defenses and Supporting Memorandum [Doc. # 42] is **DENIED**.  Any further amendment to the pleadings may only occur with the opposing party's written consent or with leave of this Court.  *See* FED. R. CIV. P. 15(a)(2); 16.

SIGNED at Houston, Texas on this 14th day of **November, 2013.**

_____
Nancy F. Atlas
United States District Judge